# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 22-807

**STATE OF LOUISIANA**

**VERSUS**

**JUAN DEDILOS VILLARREAL GAMBOA**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 20757-18
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Sharon Darville Wilson, Judges.

**AFFIRMED;**
**REMANDED WITH INSTRUCTIONS.**

**Douglas Lee Harville**
**Louisiana Appellate Project**
**P. O. Box 52988**
**Shreveport, LA 71135-2988**
**(318) 222-1700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Juan Dedilos Villarreal Gamboa**

**Stephen C. Dwight**
**District Attorney**
**John Eric Turner**
**Assistant District Attorney**
**Fourteenth Judicial District**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**KYZAR, Judge.**

Defendant, after pleading guilty to the charge of aggravated flight from an officer, appeals his conviction and five-year sentence, which was ordered to run consecutively with a conviction and five-year sentence imposed under a different document number. For the reasons set forth herein, we affirm the conviction and sentence and remand the matter with instructions.

## FACTS AND PROCEDURAL HISTORY

On October 26, 2018, Defendant, Juan Dedilos Villarreal Gamboa, was charged by bill of information in docket number 20757-18 with the offense of aggravated flight from an officer, in violation of La.R.S. 14:108.1. The bill alleged that Defendant:

> [O]n or about October 16, 2018, being the driver of a motor vehicle, did intentionally refuse to bring said vehicle to a stop knowing that he has been given a visual and audible signal to stop by a police officer, under circumstances wherein human life was endangered, when the officer has reasonable grounds to believe that the driver has committed an offense[.]

Defendant was additionally charged under docket number 19468-18 with aggravated flight from an officer and under docket number 2786-11 with a probation violation for another prior felony offense.

Defendant is not a citizen of the United States. He initially pled not guilty to the charges on November 7, 2018, but on March 27, 2019, withdrew his not guilty pleas and entered pleas of guilty to all three charges. There was no agreed upon sentence as to any of the charges. After Defendant pled guilty, the trial court sentenced him to serve five years of imprisonment at hard labor on each charge, with the sentence imposed under docket number 20757-18 to run consecutively with that imposed under docket number 19468-18 and concurrently to that imposed under

docket number 3786-11.[1] On June 13, 2019, Defendant filed a motion to reconsider his sentences in all docket numbers. On August 12, 2019, the trial court denied the motion as untimely but also found that the sentences imposed were appropriate.

On April 9, 2021, Defendant filed an application for post-conviction relief on the grounds of ineffective assistance of counsel, claiming that his counsel failed to adequately advise him of the impact his guilty pleas would have on his immigration status as required by *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473 (2010).[2] On April 1, 2022, the State filed procedural objections to the application for post-conviction relief, and, on that same date, the trial court stayed Defendant's application pending this appeal.

The trial court granted Defendant's motion for appeal "as it relates to his sentence, but not his conviction" because Defendant signed a plea form in which he waived his right to appeal from a verdict of guilty. Regardless of this finding, Defendant's only assignment of error on appeal relates to his guilty plea.[3]

---

[1] Defendant pled guilty in docket number 19468-18, and his probation was revoked in docket number 3786-11. Defendant filed appeals in both lower court docket numbers. The appeal in 19468-18 was lodged with this court as 22-806 and is considered in a separate opinion. However, the appeal lodged in 3786-11 was dismissed because the judgment at issue was non-appealable. *State v. Gamboa*, 22-805 (La.App. 3 Cir. 3/1/23) (unpublished opinion) (2023 WL 2293608).

[2] *Padilla* dealt exclusively with a claim of ineffectiveness of counsel. Padilla asserted that his counsel was ineffective for failing to advise him, an immigrant, that his felony guilty plea could or would result in his deportation. The Supreme Court granted certiorari "to decide whether, as a matter of federal law, Padilla's counsel had an obligation to advise him that the offense to which he was pleading guilty would result in his removal from the country." *Padilla*, 559 U.S. at 360. The Supreme Court held that accepting his allegations as true, Padilla sufficiently alleged constitutional deficiency to satisfy the first prong of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). However, the Court went on to state that whether Padilla was entitled to relief on his claim would depend on whether he could satisfy *Strickland's* second prong, prejudice, a matter it left to the lower state court to consider in the first instance.

[3] The plea form signed by Defendant stated that he waived the right to appeal from a verdict of guilty, and the trial court informed Defendant that he waived the "right to appeal a verdict of guilty if you were convicted by a jury, but when you plead guilty you waive all those rights." The language used in the form and by the trial court did not exclude review of the voluntariness of Defendant's plea, which is the issue raised in this appeal. However, the trial court merely granted Defendant the right to appeal his sentence. In *State v. Guilbeau*, 11-7 (La.App. 3 Cir. 6/22/11), 71

2

On appeal, Defendant raises the following assignment of error:

The record on appeal does not establish that Mr. Gamboa was advised about the impact his guilty pleas could have on his immigration status as required by *Padilla*. Did the Trial Court err when it found that Mr. Gamboa's plea was knowing and voluntary?

## OPINION

As set forth above, Defendant appealed his convictions in this case and the conviction in trial court docket number 19468-18 for an identical offense occurring at a different time. The appeals were not consolidated although the allegations of error in each are the same, and the arguments in brief are identical in each case. In the companion case, *State v. Juan Dedilos Villarreal Gamboa*, 22-806, (La.App. 3 Cir. _/_/23) _ So.3d _, this court affirmed the conviction and sentence therein, and pursuant to the errors patent review, the trial court was ordered to have the minutes of court corrected to reflect to accurately reflect that it imposed the five-year sentence on "each count." For the reasons set forth in that opinion, we affirm the conviction and sentence in the instant appeal and likewise order the trial court to have the minutes of court corrected to accurately reflect that it imposed the five-year sentence on each count.

## DECREE

The conviction and sentence imposed in trial court docket number 20757-18 is affirmed. The trial court is ordered to have the minutes of court corrected to accurately reflect that it imposed the five-year sentence on each count.

## AFFIRMED; REMANDED WITH INSTRUCTIONS.

So.3d 1010, this court noted that the defendant's motion to appeal prayed only for an appeal from the order denying his motion to reconsider his sentence, but the language of the order granting the appeal was general and not restricted to only the order denying the motion for reconsideration. This court stated: "Arguably, issues unrelated to sentencing are thus not properly before this court. Nevertheless, because appeals are favored, we will address Defendant's second assignment of error[,]" which involved the factual basis for the defendant's plea. *Id.* at 1017. Following our rationale in *Guilbeau*, we will consider Defendant's assignment of error.

3